1  WILLIAM MCGRANE [57761]
   MATTHEW SEPUYA [287947]
2  MCGRANE PC
3  4 Embarcadero Center, Suite 1400
   San Francisco, CA 94111
4  Telephone: (415) 292-4807
   william.mcgrane@mcgranepc.com
5  matthew.sepuya@mcgranepc.com

6  MICHAEL J. HASSEN [124823]
   REALLAW, APC
7  1981 N. Broadway, Suite 280
   Walnut Creek, CA 94596
8  Telephone: (925) 359-7500
9  mjhassen@reallaw.us

10 Attorneys for Plaintiff Natalia Grabovsky, an individual person, on behalf of herself and all other persons similarly situated

11              UNITED STATES DISTRICT COURT
12              SOUTHERN DISTRICT OF CALIFORNIA

13 | Natalia Grabovsky, an individual person on behalf of herself and all others similarly situated, | Case No. '20 CV0508 GPC BLM
14 | | 
15 |          Plaintiff, | **CLASS ACTION**
16 | v. | **COMPLAINT FOR VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
17 | EF INSTITUTE FOR CULTURAL EXCHANGE, INC., a California corporation, and EF EDUCATION FIRST INTERNATIONAL, AG a/k/a EF EDUCATION FIRST INTERNATIONAL Ltd., a Swiss corporation | [Cal. Bus. & Prof. Code §§ 17200, *et seq.*]
18 | | 
19 | | **[DEMAND FOR JURY TRIAL]**
20 | | 
21 |          Defendants. | 

22

---

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

Comes now Plaintiff Natalia Grabovsky and alleges as follows:

**Parties**

1. Plaintiff is a resident of the State of Arizona whose minor child was scheduled to go on an EF Tour (as that term is defined, *infra*) until that EF Tour was canceled by EF Defendants (as that term is defined, *infra*) as a result of the Virus Epidemic (as that term is defined, *infra*).

2. Defendant EF Institute for Cultural Exchange, Inc. (EFCAL) is a California corporation.

3. Defendant EF Education First International, Ltd., a/k/a EF Education First International AG (EFSWISS) is a Swiss corporation.

4. EFCAL and EFSWISS are collectively referred to as EF Defendants.

**Jurisdiction**

5. The Class Members (as that term is defined, *infra*) are citizens of many different states of the United States such that minimal diversity exists in this case for purposes of the federal Class Action Fairness Act of 2005 (28 U.S.C. Sections 1332(d) [CAFA]).

6. This case involves more than five million dollars ($5,000,000) in restitution damages thus meeting the minimum amount in controversy requirement of CAFA § 1332(d)(6).

Complaint For Violation of California's Unfair Competition Law

*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

7. This Court has personal jurisdiction over EF Defendants because EFCAL is incorporated in the state of California, EF Defendants, together, have promoted, marketed, and sold EF Tours in California, they have sufficient minimum contacts with this State, and/or sufficiently avail themselves to the markets of this State through their promotion, sales, and marketing within this State to render the exercise of jurisdiction by this Court permissible.

**Venue**

8. Venue is appropriate in this District pursuant to CAFA §§ 1391(b)(1) and/or (b)(3) because, as alleged above, this court has personal jurisdiction over EF Defendants.

**Charging Allegations**

9. EF Defendants have each acted as the agents of the other in doing and failing to do all of the things alleged herein.

10. In addition to the foregoing, there is a sufficient unity of interest between EFCAL and EFSWISS—each of which is wholly owned, directly or indirectly, by members of the Switzerland-based Hult family—that the Court should disregard the various organizational forms of the EF Defendants and instead treat EFCAL and EFSWISS as being the alter egos of each other for all purposes herein.

11. EF Defendants promote, market, and sell tours involving air travel, ground transportation, hotel, food, sightseeing, *etc.* that leave from various points of origin in the United States and go to various places all over the world (EF Tours).

12. EF Defendants have sold thousands of EF Tours to EF Class Members (as that term is defined, *infra*).

13. EF Tours are sold to EF Class Members pursuant to a written contract of adhesion (the EF 2019-2020 Adhesion Contract) that was drafted solely by EF Defendants as a result of the EF Defendants being the parties to the EF 2019-2020 Adhesion Contract who had by far the superior bargaining power and which are presented to EF Class Members on a take it or leave it basis.

14. The EF 2019-2020 Adhesion Contract contains a clause stating that EF Defendants may cancel, modify or delay EF Tours for public health issues or quarantine or threats of public health issues. This clause then states that if an EF Tour is canceled for the foregoing reasons the EF Defendants will issue a travel voucher for the value of the monies paid, less certain non-refundable fees, instead of a full cash refund (the No Public Health Emergency Cash Refund Clause).

15. In response to the worldwide public health emergency occasioned by the coronavirus (the Virus Epidemic) as declared by the World Health Organization on January 30, 2020, the EF Defendants have

previously and unilaterally canceled every EF Tour scheduled to leave the United States on and after that date.

16. On March 10, 2020, and relying on the No Public Health Emergency Cash Refund Clause, the EF Defendants issued a letter to one Melissa Douglas refusing to make any cash refund at all to her. Ms. Douglas did not receive this March 10, 2020, letter until Monday, March 16, 2020. *See* Exhibit 1.

17. Next, on March 16, 2020, and in response to a complaint Plaintiff had earlier made to the Arizona Office of Attorney General, the EF Defendants sent the Arizona Office of Attorney General a letter concerning Plaintiff stating that it would only refund Plaintiff $2,200 of the $3,200 she was out of pocket without specifying any of the terms on which the EF Defendants would even make that this partial refund. *See* Exhibit 2.

18. Next, on March 17, 2020, sent Ms. Douglas Exhibit 3.

19. This case is brought under California Business & Professions Code section 17200 *et. seq.* (UCL).

20. The UCL is a strict liability statute. *See Cortez v. Purolator Air Filtration* (2000) 23 Cal.4th 163, 181.

21. UCL § 17200 defines, *inter alia*, "unfair business competition" as including any unfair and/or unlawful act or practice.

22. A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive,

unscrupulous or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

23. In canceling the EF Tours in response to the Virus Epidemic the EF Defendants have until only very recently relied on the No Public Health Emergency Cash Refund Clause to deny EF Class Members (as that term is defined, *infra*) anything but what the No Public Health Emergency Cash Refund Clause vaguely describes as "EF future travel voucher[s] for all monies paid."

24. In constantly changing their position as to what they may allow EF Class Members as a cash refund, the EF Defendants have caused utter confusion concerning what their actual position is and, with respect to Exhibits 2-3, have made no effort to explain why a flat $1,000 penalty is at all reasonable irrespective of whether an EF Class Member is out of pocket $3,200 (which is what Plaintiff is out of pocket) or $15,000 (which many other EF Class Members are out of pocket).

25. The No Public Health Emergency Cash Refund Clause constitutes an unfair business practice in that:

- In light of all of the prior information available to the EF Defendants concerning the potentially calamitous effects of various world-wide public health emergencies that have either already occurred or that have long been predicted as very likely

5

Complaint For Violation of California's Unfair Competition Law
*Grabovsky v. EF Institute for Cultural Exchange, Inc., et al.*

to occur (the Virus Epidemic included in this latter category) on EF's and the travel industry's ability to serve the public, the EF Defendants' conduct in placing the No Public Health Emergency Cash Refund Clause into the EF 2019-2020 Adhesion Contract was both procedurally and substantively unconscionable.

- From a procedural unconscionability standpoint, and as is alleged, *supra*, the EF 2019-2020 Adhesion Contract was drafted solely by EF Defendants as a result of the EF Defendants having been the parties to the EF 2019-2020 Adhesion Contract who had by far the superior bargaining power and who presented the EF 2019-2020 Adhesion Contract to Plaintiff on a take it or leave it basis.
- Also, and because the EF Tours were sponsored by the various public and private schools United States high schools which the minor children of EF Class Members were attending with persons otherwise employed by such United States high schools as full-time teachers acting as the middlemen between the EF Defendants and EF Class Members, EF Class Members were all intentionally lulled into a false sense of security by the EF Defendants' encouraging the belief that, like their children's teachers, the EF Defendants had the best interest of EF Class

Members and their families at heart, which the EF Defendants didn't.

- From a substantive unconscionability standpoint, the EF Defendants either knew or should have known (i) that in any Virus Epidemic or similar world-wide public health emergency it would not be realistically able to schedule any future EF Tours for any particular time or place at any predictable cost and (ii) that the financially negative effects of a Virus Epidemic or similar world-wide public health emergency would necessarily put the EF Defendants' own ability to remain solvent so as to be able to later pay for the future delivery of the reasonably equivalent goods and services that they would have to acquire for them to honestly and fairly redeem the "EF future travel voucher[s] for all monies paid" at some entirely unpredictable time in the future into the most serious question imaginable.
- From a substantive unconscionability standpoint, the EF Defendants either knew or should have known as to any school-sponsored EF Tours (i) that in any Virus Epidemic or similar world-wide public health emergency it would not be realistically possible for EF Class Members to reschedule their EF Tours and (ii) that the likely impact of such a cancellation

on EF Class Members would be that they would lose some or all of their pre-paid deposit to the unfair financial benefit of the EF Defendants.

26. A business practice is "unlawful" under the UCL if it violates any other law or regulation, including but not limited to the California Consumer Legal Remedies Act (C.C. §§ 1750 et. seq. (CLRA).

27. For purposes of this UCL case, Plaintiff borrows the CLRA which, consistent with the Douglas Complaint (as defined, *infra*), Plaintiff presently contends the EF Defendants have previously violated.

28. On March 11, 2020, a lawsuit (the Douglas Complaint) was filed by Melissa Douglas against the EF Defendants in a case entitled *Douglas v. EF Institute for Cultural Exchange, Inc., et al.*, San Diego Superior Court, Case No. 37-2020-00013374-CU-MC-CTL alleging violations of the CLRA. A copy of the Douglas Complaint is attached hereto as Exhibit 4 and is hereby incorporated by reference at this point.

29. The Douglas Complaint was served on EFCAL by personal service on March 16, 2020. Service of the Douglas Complaint on EFSWISS is still in process.

30. Service of the Douglas Complaint on EF Defendants serves as notice pursuant to CLRA § 1782(a) of the CLRA notice and a demand to remedy the problems associated with the allegations contained therein.

31. If EF Defendants fail to agree to satisfactorily remedy the problems identified in the Douglas Complaint within 30 days of the date of written notice, as proscribed by CLRA § 1782(a), then Plaintiff will move to amend the complaint herein on behalf of herself and the EF Class Members to pursue claims for the full panoply of CLRA remedies against EF Defendants.

**Class Allegations**

32. Plaintiff brings this action on behalf of herself and all other United States citizens similarly situated.

33. The class represented by Plaintiff (EF Class) is comprised of all United States citizens (EF Class Members) who entered into an EF 2019-2020 Adhesion Contract in connection with an EF Tour that was scheduled to leave on and after January 31, 2020, arranged through their United States public or private high school which EF Tour has now been canceled due to the Virus Epidemic and who have since been refused a full refund from EF Defendants based on the No Public Health Emergency Cash Refund Clause.

34. On information and belief, Plaintiff alleges that there are tens of thousands of EF Class Members.

35. On information and belief, Plaintiff estimates that EF Defendants owe not less than $5,000,000 in restitution damages to EF Class Members.

36. Questions of laws and fact common to the EF Class Members predominate over questions affecting only individual members, including whether the EF Class Members are entitled to restitution damages equal to 100% of what they are out-of-pocket under the UCL by virtue of EF Defendants' refusal to issue full cash refunds to the EF Class Members for EF Tours that have been canceled due to the Virus Epidemic.

37. The claims of Plaintiff are typical of the claims of the EF Class Members as described above.

38. Treating this dispute as a class action is a superior method of adjudication since the joinder of all possible absent class members would be impractical.

39. Additionally, the amount of damages would be modest on an individual basis, although significant in the aggregate. It would be impractical for most of the EF Class Members to address the EF Defendants' wrongdoings individually. There should be no significant difficulties in managing this case as a class action.

40. Plaintiff can and will fairly and adequately represent and protect the interests of EF Class Members. Plaintiff has retained competent and experienced counsel, who will vigorously represent the interests of the Class.

## FIRST CLAIM FOR RELIEF

## (Violation of UCL by EF Defendants)

41. Plaintiff realleges the allegations contained in ¶¶ 1-40.

42. Plaintiff has suffered actual loss in her money or property by way of a monetary loss of $3,200 as a result of the EF Defendants' acts and failures to act as alleged herein.

43. EF Defendants' misconduct as described, *supra*, makes EF Defendants liable for restitution damages in a sum of not less than $5,000,000, in that such misconduct, and each and every aspect thereof, disjunctively constitutes unfair and unlawful business practices.

WHEREFORE, Plaintiff prays for judgment as set forth below:

1. That the EF Class described herein be certified; that Plaintiff be designated the named class representative plaintiff and that Plaintiff's counsel be appointed EF Class counsel.

2. That the Court order that EF Defendants pay restitutionary damages to the EF Class of all monies paid by the Class to EF Defendants in a sum not less than five million ($5,000,000) dollars.

3. For an injunction to enjoin the EF Defendants from enforcing the No Public Heath Health Emergency Refund Clause against EF Class Members thereby making it a contempt of Court for the EF Defendants to thereafter refuse to make a full cash refund to EF Class Members should EF Class Members demand that the EF Defendants do so.

4.     For an award of reasonable attorney's fees and costs to EF Class Counsel.

5.     For such other and further relief as the Court may seem just.

Dated: March 17, 2020            REALLAW PC
                                 MCGRANE PC

                                 By: /s/ William McGrane
                                     William McGrane
                                 Attorneys for Plaintiff Natalia Grabovsky, an individual person, on behalf of herself and all other persons similarly situated

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: March 17, 2020

REALLAW PC
MCGRANE PC

By: /s/ William McGrane
    William McGrane
Attorneys for Plaintiff Natalia Grabovsky, an individual person, on behalf of herself and all other persons similarly situated